UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BARKLEY,<br><br>Defendant. | No. 2:22-cr-00159-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Anthony Barkley's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 2.) The Government filed an opposition. (EFC No. 4.) Defendant filed a reply. (ECF No. 6.) The Government also filed a memorandum correcting certain dates in its opposition. (ECF No. 7.) After carefully considering the parties' briefing and for the reasons set forth below, the Court DENIES Defendant's motion.

///

///

///

///

///

///

///

### I.  FACTUAL AND PROCEDURAL BACKGROUND

As a preliminary matter, jurisdiction of this case transferred to this Court from the District of Nevada on July 22, 2022.  (ECF No. 1.)  The Court will summarize the relevant background of this case based on information from the District of Nevada's docket in case number 2:17-cr-00025-HDM-VCF and will identify citations from that docket herein with "17-cr-25."

On December 5, 2017, Defendant pleaded guilty to one count of witness tampering in violation of 18 U.S.C. § 1512(b)(1) and 18 U.S.C. § 2.  (17-cr-25, ECF No. 97.)  On February 12, 2017, Defendant was sentenced to serve three months imprisonment to be followed by three years of supervised release.  (17-cr-25, ECF No. 102.)  Defendant began serving his term of supervised release on April 12, 2018.  (17-cr-25, ECF No. 103.)  On December 26, 2019, less than one year after commencing supervised release, Defendant was arrested for domestic battery.  (*Id.*)  The terms of Defendant's supervised release were modified to require that he not have contact with the domestic abuse victim.  (*Id.*)  Despite the modification, Defendant was arrested again on September 6, 2020, for domestic battery against the same victim.  (17-cr-25, ECF No. 105.)  A petition was filed to revoke his term of supervised release.  (*Id.*)  On November 17, 2020, Defendant admitted to having violated two terms of his supervised release: that he had not refrained from excessive alcohol consumption and that he had failed to abide by the requirement that he have no contact with the victim of the domestic abuse arrests.  (17-cr-25, ECF No. 121.)  As a result of these admissions, the District of Nevada court revoked Defendant's supervised release and imposed an eight-month term of imprisonment and a subsequent 28-month term of supervised release.  (17-cr-25, ECF No. 122.)  Defendant's term of supervised release commenced in this district on May 14, 2021.  (17-cr-25, ECF No. 129.)

On November 21, 2022, Defendant filed the instant motion for early termination of supervised release.  (ECF No. 2.)

### II.  STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. §

3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

### III.  ANALYSIS

Defendant, proceeding *pro se*, argues he has secured a stable residence and employment, is compliant with child support obligations, has not had law enforcement contact since being transferred to the Eastern District of California, has not failed any drug tests, and has been in full compliance with his terms of supervised release. (ECF No. 2 at 3.) Defendant argues his rehabilitation warrants early termination of supervised release. (ECF No. 2 at 3–6.)

In opposition, the Government acknowledges Defendant has performed adequately on supervision in this district. (ECF No. 7 at 2.) The Government argues, however, that Defendant's performance on supervised release in the District of Nevada was worrisome. (*Id.*) The Government also notes that Defendant's probation officer does not support early termination of supervised release based on Defendant's lack of candor in his motion about his past supervised release violations and Defendant's tendency to minimize his past offense conduct and violations during her conversations with him. (*Id.* at 3.)

The Court commends Defendant on the positive steps he has taken for himself and his family since his release. However, in light of the referenced subset of § 3553(a) factors (specifically the history and characteristics of Defendant, need for adequate deterrence, and need to protect the public), Defendant has not shown that early termination of supervised release is justified. Defendant's term and conditions of supervised release are well-supported. Although Defendant seems to argue his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D .Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the

terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED.  (ECF No. 2.)

IT IS SO ORDERED.

**DATED:  January 11, 2023**

Troy L. Nunley
United States District Judge